# EXHIBIT "A"

SPEAR, GREENFIELD,
RICHMAN, WEITZ & TAGGART P.C.
By: MARC F. GREENFIELD, ESQUIRE
ID # 033261991
10,000 Lincoln Drive East
One Greentree Centre, Suite 201
Marlton, New Jersey 08053
p: (856) 985-4663
f: (215) 545-6117

MAY 1 8 2022
RISK MANAGEMENT

*Attorney for Plaintiff, Sarah Gilliams*

| | |
|---|---|
| SARAH GILLIAMS <br> v. <br> JASON SPECE <br> and <br> FEDEX GROUND PACKAGE SYSTEM, INC. <br> and <br> FEDEX CORPORTATION <br> and <br> PREMIER TRAILER LEASING, INC. <br> and <br> ABC CORP. #1, the unidentified owner of trailer 1 <br> and <br> JOHN DOE #1-10 (fictitious names designating the owner and/or operator) <br> and <br> ABC CORP. #1-10 (fictitious corporations designated as owners and/or operators) | SUPERIOR COURT OF NEW JERSEY <br> MIDDLESEX COUNTY - LAW DIVISION <br><br> CIVIL ACTION <br><br> Docket No.: MID-L-1817-22 <br><br> **SUMMONS** |

**FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE**

The Plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The **Complaint** attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer within thirty-five (35) days from the date you received the Summons (not counting the date of receipt). The address of each deputy clerk of the Superior Court can be found at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. If the Complaint is one in foreclosure, then you must file a written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. The required filing fee for Law and Chancery Division cases is $175.00. A completed Case Information Statement (available online) must accompany your Answer or Motion when filed. You must also send a copy of your Answer or Motion to Plaintiff's counsel, whose name and address appear above, or to Plaintiff directly if no attorney is named above.

If you do not file and serve a written Answer or Motion within thirty-five (35) days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs

of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call Legal Services offices in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

**DEFENDANT(S) SERVED:**

Jason S. Spece
39 Pierce Street
Plymouth, PA 18651

Fedex Ground Package System, Inc.
2954 Columbia Drive
Bensalem, PA 19020

Fedex Corporation
942 South Shady Grove Road
Memphis, TN 38120

Premier Trailer Leasing, Inc.
3600 William D. Tate Avenue
Grapevine, TX 76051

Dated:        May 11, 2022                    /s/ Michelle Smith
                                              Clerk of the Superior Court

SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART, P.C.
BY: MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 033261991
BY: JEREMY M. WEITZ, ESQUIRE
I.D. NO.: 018842009
One Greentree Centre, Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 985-4663
Attorney for Plaintiff

| | |
|---|---|
| SARAH GILLIAMS<br>v.<br>JASON SPECE<br>and<br>FEDEX GROUND PACKAGE SYSTEM, INC.<br>and<br>FEDEX CORPORATION<br>and<br>PREMIER TRAILER LEASING, INC.<br>and<br>ABC CORP. #1, the unidentified owner of trailer 1<br>and<br>JOHN DOE #1-10 (fictitious names designating the owner and/or operator)<br>and<br>ABC CORP. #2-10 (fictitious corporations designated as owners and/or operators) | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: MIDDLESEX COUNTY<br>: CIVIL ACTION COMPLAINT<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff, Sarah Gilliams, is a citizen and resident of the City and County of Camden, in the State of New Jersey, and by way of Complaint against defendants, says:

### FIRST COUNT
### Sarah Gilliams v. Jason Spece

1. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

2. At the aforesaid time and place, Defendant carelessly and negligently operated and maintained defendant's motor vehicle, causing injury to Plaintiff.

3. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## SECOND COUNT
### Sarah Gilliams v. FedEx Ground Package System, Inc.

1. Plaintiff repeats each and every allegation contained in the First Count of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, FedEx Ground Package System, Inc., was the owner of a motor vehicle which was being operated by Defendant, Jason Spece, as an agent, servant and/or employee, and with the consent and permission of Defendant, FedEx Ground Package System, Inc.

4. The Defendant, FedEx Ground Package System, Inc., negligently entrusted Defendant, Jason Spece, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Jason Spece, thereby permitting Defendant, Jason Spece, to operate Defendant's vehicle at the time of accident.

5. The Defendants, FedEx Ground Package System, Inc. and Jason Spece, carelessly negligently and recklessly maintained and operated their motor vehicle as to cause a collision.

6. As a result of the negligence of the Defendant, FedEx Ground Package System, Inc., Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## THIRD COUNT
### Sarah Gilliams v. FedEx Corporation

1. Plaintiff repeats each and every allegation contained in the First and Second Counts of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, FedEx Corporation, was the owner of a motor vehicle which was being operated by Defendant, Jason Spece, as an agent, servant and/or employee, and with the consent and permission of Defendant, FedEx Corporation.

4. The Defendant, FedEx Corporation, negligently entrusted Defendant, Jason Spece, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Jason Spece, thereby permitting Defendant, Jason Spece, to operate Defendant's vehicle at the time of accident.

5. The Defendants, FedEx Corporation and Jason Spece, carelessly negligently and recklessly maintained and operated their motor vehicle as to cause a collision.

6. As a result of the negligence of the Defendant, FedEx Corporation, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## FOURTH COUNT
### Sarah Gilliams v. Premier Trailer Leasing, Inc.

1. Plaintiff repeats each and every allegation contained in the First through Third Counts of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, Premier Trailer Leasing, Inc., was the owner of a motor vehicle which was being operated by Defendant, Jason Spece, as an agent, servant and/or employee, and with the consent and permission of Defendant, Premier Trailer Leasing, Inc.

4. The Defendant, Premier Trailer Leasing, Inc., negligently entrusted Defendant, Jason Spece, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Jason Spece, thereby permitting Defendant, Jason Spece, to operate Defendant's vehicle at the time of accident.

5. The Defendants, Premier Trailer Leasing, Inc. and Jason Spece, carelessly negligently and recklessly maintained and operated their motor vehicle as to cause a collision.

6. As a result of the negligence of the Defendant, Premier Trailer Leasing, Inc., Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured

and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## FIFTH COUNT
### Sarah Gilliams v. ABC CORP. #1, the unidentified owner of trailer 1

1. Plaintiff repeats each and every allegation contained in the First through Fourth Counts of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, ABC CORP. #1, the unidentified owner of trailer 1, was the owner of a motor vehicle which was being operated by Defendant, Jason Spece, as an agent, servant and/or employee, and with the consent and permission of Defendant, ABC CORP. #1, the unidentified owner of trailer 1.

4. The Defendants carelessly and negligently maintained and operated their motor vehicle as to cause a collision.

5. The Defendant, ABC CORP. #1, the unidentified owner of trailer 1, negligently entrusted Defendant, Jason Spece, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Jason Spece, thereby permitting Defendant, Jason Spece, to operate Defendant's vehicle at the time of accident.

6. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## SIXTH COUNT
### Sarah Gilliams v. JOHN DOE #1-10 (fictitious names designating the owners and/or operators)

1. Plaintiff repeats each and every allegation contained in the First through Fifth Counts of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant carelessly and negligently operated and maintained defendant's motor vehicle, causing injury to Plaintiff.

4. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## SEVENTH COUNT
### Sarah Gilliams v. ABC CORP. #2-10 (fictitious corporations designated as owners and/or operators)

1. Plaintiff repeats each and every allegation contained in the First through Sixth Counts of this Complaint as though set forth at length herein.

2. On or about December 8, 2020, the Plaintiff was the owner and operator of a motor vehicle which was traveling at or near Interstate 287 southbound at MP 0.1, in the Township of Edison and County of Middlesex, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, ABC CORP. #2-10 (fictitious corporations designated as owners and/or operators), was the owner of a motor vehicle which was being operated by Defendant, John Doe #1-10 (fictitious names designating the owners and/or operators), as an agent, servant and/or employee, and with the consent and permission of Defendant, ABC CORP. #2-10 (fictitious corporations designated as owners and/or operators).

4. The Defendants carelessly and negligently maintained and operated their motor vehicle as to cause a collision.

5. The Defendant, ABC CORP. #2-10, negligently entrusted Defendant, John Doe #1-10, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, John Doe #1-10, thereby permitting Defendant, John Doe #1-10, to operate Defendant's vehicle at the time of accident.

6. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## DEMAND FOR JURY

PLEASE TAKE NOTICE that the Plaintiff hereby demands a jury trial as to all of the within issues.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4;10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, provide to the undersigned a copy of each policy or agreement, or in the alternative state, under oath or certification; (a) policy number; (b) name and address of insurer; (c)inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; (g) medical payment limits.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## NOTICE OF NO OTHER ACTION

Pursuant to **Rule 4:5-1** the Plaintiff's Attorney hereby certifies to the best of his knowledge that there is no other action or arbitration pending in which the matter is controversy is the subject.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Jeremy M. Weitz, Esquire, is hereby designated trial counsel on behalf of the law firm of Spear, Greenfield, Richman, Weitz & Taggart, P.C., Attorney for Plaintiff, Sarah Gilliams.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff, Sarah Gilliams, demands that Defendant provide answers to interrogatories as follows:

**FORM C and FORM C(1) UNIFORM INTERROGATORIES** as set forth in Appendix II of the New Jersey Court Rules effective September 1, 2016.

**SUPPLEMENTAL INTERROGATORY #1:** Any and all records, bills, and/or summaries of expenses or costs relating to injuries, treatment, property damage or other economic loss of any kind which was incurred by Defendant(s);

**SUPPLEMENTAL INTERROGATORY #2:** Please identify by name address and date all medical providers and hospitals which Defendant(s) presented to as a result of the accident.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, you are hereby requested to produce the below listed documents and/or items photocopies; photograph negatives, will be processed and photographs reproduced. Said documents or tangible things are to be produced at the offices of Spear, Greenfield, Richman, Weitz & Taggart, P.C., 10,000 Lincoln Drive East, One Greentree Centre, Suite 201, Marlton, NJ 08053, and supplemental thereafter in accordance with the time provided by Rule 4:18-1(b). These requests are not directed merely to the person or party whose name appears above, but are meant to include that person's or party's agents, servants, insurers, employers, employees, investigators, attorneys and others similarly situated to the named party or person. In addition, although the request seeks these documents within the next thirty (30) days, the request should also be deemed continuing, in that if there are further materials which come under the purview of any of these requests which are obtained should also be furnished in accordance with this request
If any document required to be produced by this Request is claimed by you to be not discoverable because it is privileged or for any other reason, then each such document

should be identified in your response by date, the subject matter, and the basis for the claim of privilege or other reason should be stated in your Response.

4/12/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## PLEASE PRODUCE THE FOLLOWING:

1. The entire claims and investigation file or files of the Plaintiff and/or Defendant, and/or additional Defendant, their counsel or other organization

2. All statements, descriptions of statements, summaries or statements, memoranda, records or writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants or employees, including tapes or other mechanically transcribed information.

3. All photographs, recordings, films, charts, sketches, graph and diagrams taken and/or prepared.

4. Any and all documents containing the names and addresses of all individuals contacted as potential witnesses.

5. Any and all reports compiled or prepared by an individual who has been retained as an expert in this matter.

6. Any and all police reports, security reports, etc., pertaining to the incident set forth in plaintiff's complaint.

7. The names, home and business addresses of all experts contacted.

8. All writings, memoranda, data and/or tangible things which relate directly or indirectly to the incident and damages set forth in plaintiff's complaint.

9. Any and all memoranda, notes and/or summaries made by the Defendant, additional defendants, any witnesses or other representatives to the incident set forth in plaintiff's complaint.

10. All photographs, diagrams, drawings, reports, statements and each and every other item given to or examined by experts.

11. Any and all insurance policies and insurance files.

12. Any and all records and reports of previous accidents involving the plaintiff, defendant, and/or additional defendants.

13. Any and all medical reports and bills from doctors, hospitals, or other health care providers regarding the plaintiff and sustained by the plaintiff in any previous accidents.

14. Any and all documents, records, evidence and anything whatsoever which will be introduced at Trial for use in direct examination or impeachment.

15. Any and all accident reports or records prepared by the plaintiff/defendant as a result of the incident referred to in plaintiff's complaint.

4/2/2022
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

erh

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-001817-22

**Case Caption:** GILLAMS SARAH VS SPECE JASON
**Case Initiation Date:** 04/12/2022
**Attorney Name:** MARC FREDRIC GREENFIELD
**Firm Name:** SPEAR GREENFIELD RICHMAN WEITZ & TAGGART PC
**Address:** 10000 LINCOLN DRIVE EAST ONE GREENTREE CENTRE STE 201
MARLTON NJ 08053
**Phone:** 8569854663
**Name of Party:** PLAINTIFF : Gillams, Sarah
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Sarah Gillams?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/12/2022                                                                                    /s/ MARC FREDRIC GREENFIELD
Dated                                                                                         Signed

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| | | mid |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Spear, Greenfield, Richman, Weitz, & Taggart, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| Two Penn Center Plaza, Suite 200<br>1500 J.F.K. Boulevard<br>Philadelphia, PA 19102 | Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Sarah Gilliams | Sarah Gilliams v. Jason Spece & Fed Ex Ground Packaging System, Inc. et al |

| CASE TYPE NUMBER<br>(See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 603N | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ■ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _[signature]_

Effective 06/05/2017, CN 10517 page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA
624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59