UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH GILLIAMS<br><br>Plaintiff(s),<br><br><br>-against-<br><br>JASON SPECE, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, PREMIER TRAILER LEASING, INC., TRUE TRANSPORT, INC., ABC CORP #1 (the unidentified owner of trailer 1), JOHN DOE #1-10 (fictitious names designating the owner and/or operator), ABC CORP. #2-10 (fictitious corporations designated as owners and/or operators),<br><br><br><br>Defendant(s). | Docket No.: 2:22-cv-04293-ES-MAH<br><br>Civil Action<br><br>*Document electronically filed*<br><br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH SEPARATE DEFENSES, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, AND DEMAND FOR STATEMENT OF DAMAGES** |

Defendant, FEDEX GROUND PACKAGE SYSTEMS, INC. (hereinafter referred to as "Answering Defendant" or "FEDEX GROUND"), by and through their attorneys, Callahan & Fusco, LLC, as and for their Answer to Plaintiff, Sarah Gilliam's First Amended Complaint, state upon information and belief as follows:

## AS AND FOR A RESPONSE TO THE FIRST COUNT

1.     The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

2.     The Answering Defendant denies the allegations contained in paragraph "2" of the First Count of the Amended Complaint.

3.      The Answering Defendant denies the allegations contained in paragraph "3" of the First Count of the Amended Complaint.

        **WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## <u>AS AND FOR A RESPONSE TO THE SECOND COUNT</u>

1.      The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.      The Answering Defendant denies the allegations contained in paragraph "3" of the Second Count of the Amended Complaint. By way of further response, it is specifically denied that JASON SPECE was employed by FEDEX GROUND.  Rather, JASON SPECE was employed by, TRUE TRANSPORT, INC., an independent service provider providing services to FEDEX GROUND via an operating agreement.  Further, it is specifically denied the subject vehicle operated by JASON SPECE was owned by FEDEX GROUND.  Rather, the subject vehicle was leased by, TRUE TRANSPORT, INC., an independent service provider providing services to FEDEX GROUND via an operating agreement. Except for that expressly admitted herein, the remainder of the allegations are denied.

4.      The Answering Defendant denies the allegations contained in paragraph "4" of the Second Count of the Amended Complaint. By way of further response, it is specifically denied that the subject vehicle operated by JASON SPECE was owned by FEDEX GROUND.  Rather, the subject vehicle was leased by an independent service provider, TRUE TRANSPORT, INC., providing services to FEDEX GROUND via an operating agreement.  Except for that expressly admitted herein, the remainder of the allegations are denied.

5.      The Answering Defendant denies the allegations contained in paragraph "5" of the Second Count of the Amended Complaint.

6.      The Answering Defendant denies the allegations contained in paragraph "6" of the Second Count of the Amended Complaint.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AS AND FOR A RESPONSE TO THE THIRD COUNT

1.      The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count and "1" through "6" of the Second Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Third Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.      The Answering Defendant denies the allegations contained in paragraph "3" of the Third Count of the Amended Complaint. By way of further response, it is specifically denied FEDEX CORPORATION employed JASON SPECE, owned the subject vehicle, or engaged in an agency relationship with JASON SPECE. FEDEX CORPORATION is an improper party.

4.      The Answering Defendant denies the allegations contained in paragraph "4" of the Third Count of the Amended Complaint. By way of further response, it is specifically denied FEDEX CORPORATION employed JASON SPECE, owned the subject vehicle, or engaged in an agency relationship with JASON SPECE. FEDEX CORPORATION is an improper party.

5.      The Answering Defendant denies the allegations contained in paragraph "5" of the Third Count of the Amended Complaint. By way of further response, it is specifically denied FEDEX CORPORATION employed JASON SPECE, owned the subject vehicle, or engaged in an agency relationship with JASON SPECE. FEDEX CORPORATION is an improper party.

6.      The Answering Defendant denies the allegations contained in paragraph "6" of the Third Count of the Amended Complaint. By way of further response, it is specifically denied FEDEX CORPORATION employed JASON SPECE, owned the subject vehicle, or engaged in an agency relationship with JASON SPECE. FEDEX CORPORATION is an improper party.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

<u>**AS AND FOR A RESPONSE TO THE FOURTH COUNT**</u>

1.      The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count, "1" through "6" of the

Second Count, and "1" through "6" of the Third Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Fourth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Fourth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

4.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Fourth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

5.      The Answering Defendant the allegations contained in paragraph "5" of the Fourth Count of the Amended Complaint.

6.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Fourth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be

dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## <u>AS AND FOR A RESPONSE TO THE FIFTH COUNT</u>

1.     The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count, "1" through "6" of the Second Count, "1" through "6" of the Third Count, and "1" through "6" of the Fourth Count of the Complaint as if they were fully set forth at length herein and made a part hereof.

2.     The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Fifth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.     The Answering Defendant denies the allegations contained in paragraph "3" of the Fifth Count of the Amended Complaint. By way of further response, TRUE TRANSPORT, INC. was the employer of JASON SPECE and leased the subject vehicle. Except for that expressly admitted herein, the remainder of the allegations are denied.

4.     The Answering Defendant denies the allegations contained in paragraph "4" of the Fifth Count of the Amended Complaint.

5.     The Answering Defendant denies the allegations contained in paragraph "5" of the Fifth Count of the Amended Complaint.

6.     The Answering Defendant denies the allegations contained in paragraph "6" of the Fifth Count of the Amended Complaint.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be

dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AS AND FOR A RESPONSE TO THE SIXTH COUNT

1.    The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count, "1" through "6" of the Second Count, "1" through "6" of the Third Count, "1" through "6" of the Fourth Count and "1" through "6" of the Fifth Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.    The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Sixth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.    The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Sixth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

4.    The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Sixth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

5.    The Answering Defendant the allegations contained in paragraph "5" of the Sixth Count of the Amended Complaint.

6.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Sixth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AS AND FOR A RESPONSE TO THE SEVENTH COUNT

1.      The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count, "1" through "6" of the Second Count, "1" through "6" of the Third Count, "1" through "6" of the Fourth Count, "1" through "6" of the Fifth Count, and "1" through "6" of the Sixth Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Seventh Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Seventh Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

4.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Seventh Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AS AND FOR A RESPONSE TO THE EIGHTH COUNT

1.      The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "3" of the First Count, "1" through "6" of the Second Count, "1" through "6" of the Third Count, "1" through "6" of the Fourth Count, "1" through "6" of the Fifth Count, "1" through "6" of the Sixth Count, and "1" through "4" of the Seventh Count of the Amended Complaint as if they were fully set forth at length herein and made a part hereof.

2.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Eighth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

3.      The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Eighth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

4.     The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Eighth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

5.     The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Eighth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

6.     The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Eighth Count of the Amended Complaint, as they are not directed at Answering Defendant and leave plaintiffs to their proofs. To the extent the allegations are deemed applicable, they are denied.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims and crossclaims asserted against the Answering Defendant, FEDEX GROUND, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

This Defendant denies that they are guilty of any negligence that was the proximate or producing cause of any injuries or damages alleged to have been sustained.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The Complaint herein fails to state a claim upon which relief can be granted, and the Defendant reserves the right to move at or before the trial to dismiss the same.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The applicable law, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the plaintiffs, and accordingly, his action is barred as a matter of law.

## AS AND FOR A FOURT AFFIRMATIVE DEFENSE

The Defendant breached no duty owed to plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE

The Complaint is barred, in whole or in part, by plaintiff's own contributory and/or comparative fault, and any recovery herein shall be dismissed accordingly in whole or in part.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which defendant had no control, with no act or omission on the part of the Defendant contributing thereto.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, by his own conduct or failure to act, was the sole and proximate cause of the allegations complained of in the Complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all persons and/or entities necessary for the just adjudication of this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any damages suffered by plaintiff as a result of the circumstances pled by plaintiff in the Complaint were the direct result of plaintiff's failure to take reasonable action to prevent or mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Defendant herein is not a proper party to this action, and thus, the Complaint should be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent that all or a part of plaintiff's damages have been paid or will be paid by collateral sources, no award should be made for the same.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has received reimbursement for all or part of the damages claimed, plaintiff should be estopped from asserting the same herein.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then the Defendant asserts that plaintiff's injuries were pre-existing and not causally related to the alleged accident.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The defendant reserves the right to assert by reference any other defense or defenses asserted by any other defendants or third-party defendants to this action which are not set forth herein and intend to rely upon such other defenses as may become available or apparent as the case progresses and reserves the right to amend this Answer to assert such defenses.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to use, or misused, a seat belt, thereby contributing to the alleged injuries and under the applicable law plaintiff may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

**WHEREFORE**, the Defendant denies any and all liability to plaintiff and respectfully requests that this Court dismiss plaintiff's complaint with prejudice and enter judgment in favor of the Defendant and against plaintiff, including attorneys' fees, interest and costs of suit.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 53(g)(3)

If any codefendant(s) settle prior to trial, the Defendant will seek an allocation of the percentage of any alleged negligence by the factfinder against the settling defendant. The Defendant will seek this allocation whether or not they have formally filed a crossclaim against settling defendant(s). The Defendant will rely upon the examination and cross examination of the plaintiff, plaintiff's expert witnesses, any and all witnesses and expert witnesses and all evidence at the time of trial in support of this allocation. You are hereby being apprised of this pursuant to Federal Rules of Civil Procedure 53(g)(3).

## DEMAND FOR JURY TRIAL

A trial by jury is herewith demanded as to all issues herein.

## LOCAL RULE 11.2 CERTIFICATION

1.  I am the attorney for the defendant, FEDEX GROUND PACKAGE SYSTEM INC., in the above captioned matter.

2.     I hereby certify that the matter in controversy is not the subject of any other action pending in this or any other Court.

3.   I hereby certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are false, I am subject to punishment.


Dated: July 5, 2022                              CALLAHAN & FUSCO, LLC
Roseland, New Jersey                             Attorneys for Defendants
                                                 FEDEX GROUND PACKAGE SYSTEM, INC.


                                    By: _____
                                           Chelsea S. Novelli, Esq.
                                           103 Eisenhower Parkway, Suite 400
                                           Roseland, New Jersey 07068
                                           (877) 618-9770

<u>**CERTIFICATION OF SERVICE**</u>

I, Chelsea S. Novelli, of full age, being duly sworn, according to law and upon my oath, depose and say:

1.      I am an attorney with the law firm of Callahan & Fusco, LLC, and assigned the handling of this action.

2.      On July 5, 2022, I notified via New Jersey electronic filing system, a copy of the within Answer to the Complaint to:

> Marc Greenfield, Esq.
> Jeremy Weitz, Esq.
> Spear, Greenfield, Richman, Weitz, Taggart, P.C.
> 10,000 Lincoln Drive East
> One Greentree Centre, Suite 201
> Marlton, NJ 08053
> (856) 985-4663
> *Attorneys for Plaintiff*

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: July 5, 2022

BY: _____
Chelsea S. Novelli, Esq.